**A. TEIXEIRA & CO., INC.**

v.

**Antonio L. TEIXEIRA et al.**

No. 95–167–Appeal.

Supreme Court of Rhode Island.

April 12, 1996.

Thomas F. Connors, Joel D. Landry, Providence.

Thomas Tarro, III, Kris M. Marotti, Warwick.

### ORDER

This case came before a hearing panel of this court March 19, 1996, for oral argument pursuant to an order that had directed all parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has been shown in part in respect to the principal claim against defendant Antonio L. Teixeira (Antonio) and Armenio Teixeira (Armenio) for having deprived A. Teixeira & Co., Inc. (the corporation) of a corporate opportunity. This portion of the case which resulted in a judgment against Antonio and Armenio for punitive damages and imposing a constructive trust upon stock which they own in Mendon Liquors by virtue of having purchased the assets of that company will be placed on the regular calendar for full briefing and argument.

The appellants, Antonio and Armenio will file their brief within forty (40) days of the

date of this order. Thereafter, the appellees will file their brief within twenty (20) days of the filing of the appellants' brief.

In respect to the judgment rendered by the trial justice on the counterclaim filed by Antonio and Armenio and her direction of a verdict in favor of Caesar Teixeira, we are of the opinion that cause has not been shown and that the issues raised by the appeal from these judgments should be summarily decided at this time.

The defendants' Antonio and Armenio Teixeira (counterclaim plaintiffs) appeal from a judgment entered on their counterclaim after a hearing by a trial justice without the intervention of a jury. In her decision, the trial justice found as a fact that the counterclaim defendants, Honorato Custodio, Joaquim Duarte and Manuel Moitoso, (counterclaim defendants) in their capacity as majority stockholders of A. Teixeira & Co. did not oppress Armenio and Antonio Teixeira, and that their management of the corporation was reasonable. She went on, however, to require the counterclaim defendants to purchase the stock of the counterclaim plaintiffs at a price equal to the fair value of that stock as of the date the original action was filed in accordance with G.L.1956 § 7–1.1–90.1. She also ordered the counterclaim plaintiffs to pay the expenses incurred in the suit and for any expenses incurred in calculating the fair value of the stock.

Upon consideration of the record in this case, we sustain the trial justice's order that the counterclaim defendants purchase the stock of the counterclaim plaintiffs. However, we are of the opinion that the date of determination of fair value should be as of the date that the counterclaim plaintiffs amended their complaint to request the purchase of the stock by the majority stockholders. The date of this amendment was May 23, 1990. We are of the opinion that the fair-market value of the stock should in accordance with the statute be dated from the time of the election by the counterclaim plaintiffs to seek this remedy. At no time did the counterclaim defendants offer to pur-

chase these shares but resisted the remedy sought by the counterclaim plaintiffs.

We are also of the opinion that the trial justice erred in requiring the counterclaim plaintiffs to pay the expenses of the litigation regarding the counterclaim. Her granting of the remedy requested by the counterclaim plaintiffs indicated that they presented a justiciable issue and that this counterclaim as amended was neither frivolous nor vexatious.

In respect to the cost of determining the fair value of the stock as of the date the counterclaim was amended, we modify the decision of the trial justice and require that the cost of assessing this valuation should be shared between the counterclaim plaintiffs and the counterclaim defendants. We further order that interest be awarded to the counterclaim plaintiffs on the amount of the fair value of the stock as determined from the time of their amended counterclaim seeking purchase of said stock, namely May 23, 1990.

### The Directed Verdict in Favor of Caesar Teixeira

An examination of the record in this case indicates that the trial justice, after the verdict of the jury and after rendition of judgment in favor of the plaintiffs, entered an amended ruling in which she granted the motion of Caesar Teixeira for directed verdict as a reserved motion in accordance with Rule 50(b) of the Superior Court Rules of Civil Procedure. She indicated that she failed to pass upon this motion immediately following the rendition of the jury's verdict by inadvertence. An examination of her decision on this motion as well as an examination of the record in this case indicates that the trial justice was correct in granting a directed verdict in favor of Caesar Teixeira. At no time was he a stockholder of the corporation, and, therefore, we believe that he owed no duty either to the corporation or to the majority stockholders to refrain from participation in the purchase of Mendon Liquors. In the absence of a duty which is a question of law for the court, there can be no breach. Consequently the granting of the directed verdict was correct and the judg-

ment entered pursuant thereto in favor of Caesar Teixeira is hereby affirmed.

BOURCIER and FLANDERS, JJ., did not participate.